UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES M., *o/b/o* ERIC M.,

                  Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

**DECISION AND ORDER**

1:22-CV-00008 CDH

## INTRODUCTION

Plaintiff James M. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying claimant Eric M.'s ("Claimant")[1] application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 8; Dkt. 11; Dkt. 12). For the reasons that follow, the Court grants Plaintiff's motion (Dkt. 8) to the extent the matter is remanded for further administrative proceedings and denies the Commissioner's motion (Dkt. 11).

---

[1]    Claimant died in 2019; Plaintiff is his father and the representative of his estate. (*See* Dkt. 6 at 726).

## BACKGROUND

On June 20, 2011, Claimant protectively filed an application for DIB. (Dkt. 4 at 24, 131).[2] His application was initially denied on October 13, 2011. (*Id*. at 87-91). Claimant requested a hearing before an administrative law judge ("ALJ") (*id*. at 82-93), which was held on January 18, 2013 (*id*. at 38-79). On June 24, 2013, the ALJ issued an unfavorable decision. (*Id*. at 21-37). Claimant sought review from the Appeals Council, which denied his request on August 18, 2012. (*Id*. at 8-13). Claimant thereafter commenced an action in this District seeking review of the Commissioner's determination. On June 24, 2017, the Hon. Michael A. Telesca entered a Decision and Order remanding the matter to the Commissioner for further administrative proceedings. (Dkt. 5 at 50-60).

On remand, the ALJ held a new hearing on April 15, 2019, at which Claimant appeared and testified. (Dkt. 4 at 1643-54; Dkt. 5 at 1-26). On June 7, 2019, the ALJ issued an unfavorable decision. (Dkt. 4 at 1602-21). Claimant died on June 14, 2019. (Dkt. 6 at 905). Plaintiff, as Claimant's representative, commenced an action in this District seeking review of the Commissioner's determination. On December 4, 2020, the Hon. William M. Skretny entered a Decision and Order remanding the matter to the Commissioner for further administrative proceedings. (*Id*. at 798-812). On remand, the matter was assigned to a new ALJ, and a new hearing was held on June 21, 2021. (*Id*. at 746-77). On September 22, 2021, the ALJ issued an unfavorable decision. (*Id*. at 723-37). This action followed.

---

[2]     In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

## LEGAL STANDARD

### I.    Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. § 404.1520(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id*. § 404.1520(a)(4)(ii). An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. § 404.1520(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(a)(4)(iii).  If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id*. § 404.1509, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id*. § 404.1520(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his

impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. § 404.1545.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. § 404.1520(a)(4)(v).

## II.  <u>Review by the Court</u>

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for DIB or SSI. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Claimant was disabled. Before proceeding to step one, the ALJ found that Claimant last met the insured status requirements of the Act on September 30, 2011. (Dkt. 6 at 727). The ALJ thereafter referred to the period between June 13, 2006, the alleged onset date, and September 30, 2011, the date last insured, as "the period at issue." (*Id*.).

The ALJ found at step one that Claimant had not engaged in substantial gainful activity during the period at issue. (*Id*. at 729). The ALJ found at step two that Claimant had the following severe impairments during the period at issue: "alcohol abuse, posttraumatic stress disorder (PTSD), substance induced mood disorder, depressive disorder, not otherwise specified, anxiety disorder, not otherwise specified, degenerative disc disease of the lumbar spine, left ankle fracture status post repair, and hallux valgus of the bilateral great toes[.]" (*Id*.). The ALJ also concluded that Claimant had the non-severe impairment of pancreatitis during the period at issue. (*Id*.).

The ALJ found at step three that, including his substance abuse, the severity of Claimant's impairments met the criteria of Listing 12.04, pertaining to depressive,

bipolar and related disorders, during the period at issue. (*Id.*). The ALJ further found that if Claimant had stopped his substance use, the remaining limitations would have caused more than a minimal impact on his ability to perform basic work abilities, but he would not have had an impairment that met or medically equaled the severity of any of the Listings. (*Id.* at 730). In reaching these conclusions, the ALJ specifically discussed the criteria of Listings 1.15, 1.16, 1.18, 12.04, 12.06, and 12.15. (*Id.* at 730-32).

The ALJ assessed Plaintiff's RFC and determined that during the period at issue, if Claimant had stopped his substance use, he would have retained the ability to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following additional limitations:

> [L]ifting and carrying ten pounds occasionally and less than ten pounds frequently, sitting for a total of six hours, standing for a total of two hours, walking for a total of two hours, and pushing/pulling as much as he could lift and carry . . .[;] the claimant[] could have occasionally climbed ramps and stairs, occasionally climbed ladders, ropes and scaffolds, and occasionally balanced, stooped, kneeled, crouched and crawled; could never have worked at unprotected heights or around moving mechanical parts, and never operated a motor vehicle; and was able to perform simple, routine, and repetitive tasks and make simple work-related decisions.

(*Id.* at 732-33). The ALJ then proceeded to step four and found that Claimant would have been unable to perform any past relevant work.  (*Id.* at 736).

The ALJ found at step five that, considering Claimant's age, education, work experience, and RFC during the period at issue, had he stopped his substance use, there were jobs that exist in significant numbers in the national economy that Claimant could have performed. (*Id.*). The ALJ ultimately concluded that Claimant

was not disabled, as defined in the Act, "at any time from the June 13, 2006, alleged onset date through the September 30, 2011, date last insured." (*Id.* at 736-37).

## II.    **Remand for Further Administrative Proceedings is Required**

Claimant argues that: (1) the ALJ erred in failing to "properly evaluate the impact that stress would have on Claimant's ability to sustain full-time competitive work on a consistent basis"; (2) the ALJ failed to appropriately evaluate the opinion of consultative psychologist Dr. Renee Baskin; and (3) the ALJ erred by failing to evaluate at all the opinions of testifying medical experts Dr. Sharon Kahn and Dr. Jeff Hansen. (Dkt. 8-1 at 1). Claimant further contends that this matter should be remanded solely for calculation and payment of benefits. (*Id.*). For the reasons that follow, I agree that the ALJ committed error in assessing Claimant's application. However, I disagree that remand for calculation and payment of benefits is warranted.

### A.    **Failure to Appropriately Evaluate Dr. Baskin's Opinion and Claimant's Ability to Deal With Stress**

In adjudicating a disability application, an ALJ must consider and weigh the evidence of record, including medical opinions. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). Under the SSA regulations applicable to applications filed before March 27, 2017, the ALJ must evaluate every medical opinion of record, considering each of the following factors: examining relationship; treatment relationship; supportability; consistency; specialization; and any other factors "which tend to support or contradict the medical opinion." 20 C.F.R. § 404.1527(c).

Consultative psychologist Dr. Baskin examined Claimant on August 19, 2011—during the relevant time period. (Dkt. 4 at 387-91). Dr. Baskin opined that Claimant would have "minimal to no limitations" with respect to following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentrating, learning new tasks, and performing complex tasks independently, and "moderate limitations" with respect to maintaining a regular schedule, making appropriate decisions, relating adequately with others, and appropriately dealing with stress. (*Id*. at 390).

The ALJ gave Dr. Baskin's opinion "some weight insofar as is it is consistent with evidence showing that in the absence of substance abuse the claimant would continue to have a moderate limitation in adapting or managing himself." (Dkt. 6 at 735). However, the ALJ rejected Dr. Baskin's conclusion that Claimant would have a moderate limitation in relating adequately with others and further concluded that Claimant "would  . . . have had a moderate limitation in concentration, persistence or pace if compelled to perform in a competitive work environment on a regular and continuing basis." (*Id*.).

Plaintiff argues that the ALJ failed to adequately explain whether he had accepted or rejected Dr. Baskin's opinion that Claimant had a moderate limitation in dealing with stress. (Dkt. 8-1 at 27). Defendant responds that the ALJ implicitly adopted Dr. Baskin's opinion by concluding that Claimant had a moderate limitation in adapting or managing oneself and by restricting him to work that entailed simple, routine, and repetitive tasks and that required only simple work-related decisions. (Dkt. 11-1 at 11).

Plaintiff has the better of this argument. Under the standards applicable to this case, "an ALJ who chooses to adopt only portions of a medical opinion must explain his decision to reject the remaining portions." *Javon W. v. Comm'r of Soc. Sec.*, 629 F. Supp. 3d 62, 71 (W.D.N.Y. 2022) (citation omitted). Further, "[i]t is the ALJ's responsibility to build an accurate and logical bridge from the evidence to his or her conclusion to enable a meaningful review[.]" *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 237 (W.D.N.Y. 2019) (citation and original alteration omitted). A "post-hoc rationalization" by the Commissioner "cannot serve as a substitute for" appropriate findings by the ALJ. *Wagner v. Comm'r of Soc. Sec.*, 435 F. Supp. 3d 509, 516 (W.D.N.Y. 2020).

In this case, the ALJ did not explain how he assessed Dr. Baskin's conclusion that Claimant had a moderate limitation in appropriately dealing with stress. It is not even clear whether the ALJ accepted or rejected this conclusion. And even accepting Defendant's argument that the ALJ implicitly accepted this portion of Dr. Baskin's opinion by concluding that Claimant had a moderate limitation in adapting or managing oneself, the Court is unable to discern how the ALJ then accounted for this limitation when making the RFC finding.

Defendant's argument that the ALJ accounted for this limitation by "restricting [Claimant] to work that entailed simple, routine, and repetitive tasks; and that required only simple work-related decisions" (Dkt. 11-1 at 11) lacks support in the record. Dr. Baskin opined that Claimant would have "minimal to no limitations" in understanding simple directions and instructions, performing simple tasks independently, learning new tasks, and performing complex tasks

independently. (Dkt. 4 at 390). Dr. Baskin also opined that Claimant had a moderate limitation in making appropriate decisions. (*Id.*). She further opined that in addition to those limitations, Claimant had a moderate limitation in appropriately dealing with stress. In other words, Dr. Baskin's conclusion regarding Claimant's ability to deal with stress was separate from her conclusions regarding his ability to make appropriate decisions and learn and perform new tasks of varying complexity. Defendant's post-hoc assertions regarding these issues are untethered to any explanation or discussion by the ALJ.

"Remand may be appropriate . . . where . . . inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). In this case, the ALJ's failure to address Dr. Baskin's opinion regarding Plaintiff's ability to appropriately deal with stress impedes the Court's ability to assess whether the ALJ's RFC finding was supported by substantial evidence. Remand for further administrative proceedings is accordingly required.

On remand, the Court anticipates that the Commissioner will perform a complete review of Dr. Baskin's opinion, including as it relates to Claimant's ability to appropriately deal with stress. Because this may impact the Commissioner's RFC finding, the Court need not and does not reach Plaintiff's argument that the ALJ failed to properly evaluate the impact stress would have on Claimant's ability to sustain full-time competitive work on a consistent basis.

### B.    Failure to Evaluate Dr. Kahn's and Dr. Hansen's Opinions

"An ALJ should consider all medical opinions received regarding the claimant." *Fiducia v. Comm'r of Soc. Sec.*, No. 1:16-CV-1317 (GTS), 2017 WL 4513405, at *4

(N.D.N.Y. Oct. 10, 2017) (quotation omitted). "The failure to do so is an error warranting remand." *Shillenn v. Comm'r of Soc. Sec.*, No. 1:17-CV-01225-MAT, 2019 WL 5586982, at *3 (W.D.N.Y. Oct. 30, 2019); *see also Kasey G. v. Commr of Soc. Sec.*, 542 F. Supp. 3d 190, 195 (W.D.N.Y. 2021) (explaining that "[a]lthough the Commissioner has primacy in weighing the evidence, the ALJ is required to follow the Social Security regulations in doing so" and finding reversible error where the ALJ failed to consider and weigh a psychological evaluation of the claimant).

In this case, Drs. Kahn and Hansen both reviewed Claimant's medical records and testified at the hearing on April 15, 2019. (Dkt. 4 at 1647-64; Dkt. 5 at 1-2). In the decision at issue in this matter, the ALJ failed to even mention these opinions when assessing Claimant's RFC. (Dkt. 6 at 733-36). This was error.

Defendant does not dispute that the ALJ failed to discuss these opinions but contends that the error was harmless. (*See* Dkt. 11-1 at 9-10, 18-20). Because the Court has already determined that remand is necessary, it need not and does not conduct a harmless error evaluation. On remand, the Court anticipates that the Commissioner will consider all the medical opinions of record, in accordance with the applicable regulations.

## C.    Request to Remand for Calculation and Payment of Benefits

Plaintiff argues that the Court should remand this matter solely for the calculation and payment of benefits, because "over the course of 11 years, the Commissioner has been afforded three separate opportunities to support her decision with substantial evidence and has failed to do so" and "there is no further

development that can be expected upon which Commissioner can rely to support her unfavorable decision, giving no practical purpose for remand." (Dkt. 8-1 at 30).

Remand for calculation and payment of benefits is appropriate only where the record contains "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). This is not such a case. While the ALJ failed to appropriately consider the medical opinions of record and thus frustrated the Court's ability to meaningfully review his decision, the Court cannot say that further evidentiary proceedings would serve no purpose. To the contrary, further proceedings would afford the Commissioner an opportunity to appropriately consider the opinions of record, formulate an RFC finding based on substantial evidence, and then determine, in light of that RFC finding and the other relevant factors, whether Claimant was disabled during the time period at issue. And the evidence in this case does not tip so definitively in Plaintiff's favor as to warrant remand solely for calculation and payment of benefits. This aspect of Plaintiff's motion is accordingly denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 8) is granted to the extent the matter is remanded for further administrative proceedings. Plaintiff's request that the matter be remanded solely for calculation and payment of benefits is denied. The Commissioner's motion for judgment on the pleadings (Dkt. 11) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_Colleen D. Holland_
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:        September 12, 2025
              Rochester, New York